IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-30-D

| | |
|---|---|
| RONNETTE SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BOARD OF GOVERNORS of the | ) |
| UNIVERSITY of NORTH CAROLINA, and its | ) |
| constituent institution, NORTH CAROLINA | ) |
| STATE UNIVERSITY AT RALEIGH | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on Defendants' motion for a mental examination of Plaintiff [DE-12] and Plaintiff's motion for protective order [DE-13]. Both parties have filed responses [DE-13 & 14], and this matter is ripe for adjudication.

I. **BACKGROUND**

Plaintiff filed this action alleging employment discrimination and retaliation on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, while she was employed as an Extension Secretary II with North Carolina State University's Cooperative Extension Program in Brunswick County. Plaintiff alleges that she suffered mental and emotional pain and anguish as a result of the discrimination and retaliation and seeks compensatory damages for emotional distress.

Defendants initially requested that Plaintiff consent to a Rule 35 examination with a psychologist to "assess the validity of [Plaintiff's] allegations regarding her emotional distress and its causation" (Defs.' Mot. for Rule 35 Exam. Ex. 1). According to Defendants,

Plaintiff failed to respond to the request. Defendants then filed the present motion alleging that Plaintiff's mental condition is in controversy and that good cause exists for the examination. Plaintiff seeks a protective order limiting the duration, scope, and purpose of the Rule 35 examination.

## II. DISCUSSION

### A. Plaintiff's mental condition is "in controversy."

Rule 35 provides that on a motion for good cause a court may order the mental examination of a party whose mental condition is in controversy. Fed. R. Civ. P. 35(a). Courts have found the mental condition to be in controversy where "(1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is 'in controversy' pursuant to Rule 35." *E.E.O.C. v. Maha Prabhu, Inc.*, 2008 WL 2559417, at *3 (W.D.N.C. June 23, 2008)(citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). While some courts, including the *Turner* court, have held that an emotional distress claim without more does not place a plaintiff's mental condition in controversy, *Turner*, 161 F.R.D. at 95, 97, this is not a settled issue, *see Nuskey v. Lambright*, 2008 WL 2388914, at *2 (D. D.C. June 10, 2008)(disagreeing with *Turner* and concluding that an employee seeking compensatory damages for emotional pain and suffering places her mental condition in controversy for purposes of Rule 35). The Court, however, need not decide this issue because Plaintiff in this case concedes that her mental condition is in controversy. (Pl.'s Mot. for Protective

2

Order at 3.) Plaintiff does dispute that Defendants have shown good cause for the scope of the mental exam requested. (*Id.*) Accordingly, the Court must consider whether Defendants have demonstrated good cause for the requested mental exam.

B.  **Good cause exists for a Rule 35 examination.**

Good cause requires more than a mere showing of relevancy. *Guilford Nat. Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)("The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b)."). This inquiry is not to be taken lightly by the courts, and the Fourth Circuit has noted its importance in protecting an individual's right to privacy. *Id.* ("Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate.") The Supreme Court explained that a showing of good cause requires,

> . . . an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

*Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964).

Defendants assert that good cause exists for a mental examination of Plaintiff based on the following: (1) Plaintiff failed to voluntarily consent to a mental examination; (2) Plaintiff's mental condition is at issue (e.g. how it affected her perception of her job performance); (3) Plaintiff may suffer from a pre-existing psychological impairment; (4) Plaintiff's asserted psychological distress and the reliability and credibility of her allegations

3

should be assessed through a mental examination; and (5) Plaintiff may present expert testimony to support her claim of emotional distress and damages, and a mental examination is necessary to rebut such testimony. Plaintiff argues that Defendants are overreaching and that the requested examination should be limited (1) to whether her emotional distress has a specific diagnosis and (2) to what extent that emotional distress was caused by her work environment. The Court concludes that good cause exists for the purpose of determining the nature, cause, and extent of any emotional distress caused to Plaintiff by Defendants and that the scope of the examination need not be further limited.

The fact that Plaintiff did not voluntarily consent to an exam is insufficient to show good cause. A lack of consent makes a court order a procedural necessity if warranted, but provides no substantive support for Defendants' request. The court does agree, however, that Defendants have established good cause for a mental examination to diagnose Plaintiff's asserted emotional distress and to independently assess the cause and extent of any emotional distress caused to Plaintiff by Defendants. *See Lytel v. Simpson*, 2006 WL 2053516, at *4 (N.D. Cal. July, 21 2006)(concluding that denial of Rule 35 motion "would deprive [defendant] of a fair opportunity to defend against [plaintiff's] claims of emotional distress in the event [plaintiff] is later allowed to submit her treating physician's testimony;" the court limited the scope to "assessing the nature, cause and extent of [plaintiff's] emotional distress."). Plaintiff seeks $300,000 in damages for emotional anguish and distress (Pl.'s Initial Disclosures at 2), and Defendants have a right to explore the nature, cause, and extent of Plaintiff's alleged emotional distress in order to defend against the claim.

C. **Protective order unnecessary.**

Plaintiff has requested a protective order seeking (1) to limit the scope of

4

questioning, (2) to require further disclosure by the expert as to the relevancy of the proposed testing, (3) to limit the location of the test to Plaintiff's county of residence, or alternatively to pay Plaintiff's travel expenses and loss of wages, (4) to limit testing to one day, (5) to require that Plaintiff's deposition be submitted to Dr. Calloway, Defendants' proposed examiner, and that Dr. Calloway be ordered to refrain from questioning Plaintiff about the facts of the case, and (6) to require that Plaintiff's counsel be present during the exam to protect her rights.

Plaintiff argues that, absent a protective order, Dr. Calloway's report and testimony may supplant the role of the jury in determining Plaintiff's credibility and may contain irrelevant information regarding Plaintiff's prior employment. These concerns are premature and do not vitiate Defendants' good cause shown, as Plaintiff may seek exclusion of any overreaching or irrelevant evidence at trial. Consequently, it is unnecessary to limit in such a way the scope of Dr. Calloway's examination.

With respect to the proposed testing, Defendants filed an affidavit from Dr. Calloway outlining the usefulness of the proposed tests in this case. (Defs.' Resp. to Pl.'s Mot. for Protective Order, Ex. B.) This testing appears reasonable given Plaintiff's emotional distress claim. Likewise, the Court finds unnecessary the submission of Plaintiff's deposition to Dr. Calloway or an order limiting Dr. Calloway's questioning of Plaintiff about the facts of the case. To the extent evidence from Dr. Calloway's examination, including any tests administered, is irrelevant or overreaching, Plaintiff may seek its exclusion at trial.

A protective order is unnecessary to address the other concerns of Plaintiff because Rule 35 requires the court to specify the scope, time, place, manner, conditions, and the person performing the examination. Fed. R. Civ. P. 35(a)(2)(B).

    1.    The court finds that one eight (8) hour day is sufficient time to conduct

5

the examination. *See Simonelli v. University of California-Berkeley*, 2007 WL 1655821, at *3 (N.D. Cal. June 4, 2007)(finding that eight hours is a reasonable time frame for Plaintiff's psychiatric examination to ensure accurate results and prevent overreaching probe).

2. The examination shall occur at the office of Dr. Calloway in Raleigh, NC, on a date agreeable to both parties not later than **forty-five (45) days** after the entry of this Order. Rule 35 does not require Defendants to pay Plaintiff's travel expenses or lost wages associated with the examination, and Plaintiff has cited no authority to support her request.

3. Dr. Calloway shall conduct the examination of Plaintiff. She appears to be a suitably licensed examiner (Defs.' Resp. to Pl.'s Mot. for Protective Order, Ex. B) as required by Rule 35, and Plaintiff made no objection to Dr. Calloway serving as examiner.

4. Plaintiff also suggests she has a right to counsel's presence at the examination to protect her from improper questioning. (Pl.'s Mot. for Protective Order at 8.) The Court is not persuaded that Plaintiff needs the protection of counsel in a civil case such as this one. Neither Plaintiff's counsel nor any other third-party shall be present in the examination. *See Holland v. United States*, 182 F.R.D. 493, 495 (D. S.C. 1998)("The weight of federal authority, however, favors the exclusion of the plaintiff's attorney from a Rule 35 examination absent a compelling reason.")(citations omitted).

6

## III. CONCLUSION

Defendants' motion for a Rule 35 examination is hereby **GRANTED** and Plaintiff's motion for a protective order is hereby **DENIED**.

It is hereby **ORDERED** that Plaintiff submit to a Rule 35 mental examination concerning the nature, cause, and extent of Plaintiff's emotional distress to be conducted by Dr. Ginger Calloway, on a date agreeable to both parties but not later than **forty-five (45) days** after the entry of this Order. The examination shall not exceed more than **eight (8) hours** and is limited to **one (1) day**. This Order modifies the parties' jointly submitted discovery plan and scheduling order in this case to the extent contradictory with the dates set forth herein.

This the 10th day of November, 2008.

DAVID W. DANIEL

United States Magistrate Judge